UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLANA OTIS,
    Plaintiff,
-vs.-                                      **DEMAND FOR JURY TRIAL**

LTD FINANCIAL SERVICES, LIMITED PARTNERSHIP,
A Foreign Limited Partnership,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Darlana Otis, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

1

## PARTIES

4. Plaintiff is a natural person residing in Wayne County, Michigan. Ms. Otis is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Otis is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is LTD Financial Services, Limited Partnership which is a Texas company that maintains registered offices in Ingham County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Defendant is calling Ms. Otis attempting to collect a consumer type debt allegedly owed by her regarding a deficiency balance on her mortgage that was foreclosed upon in the amount of $26,452.85.

9. Ms. Otis' house was foreclosed upon around December 2012 resulting in a deficiency balance.

10. Defendant first started calling Ms. Otis attempting to collect this alleged debt sometime in 2014.

11. On or about September 4, 2014, Defendant's representative, Al Brown, called Ms. Otis at her place of employment. During this conversation, Ms. Otis said to Mr. Brown, "I cannot talk to you at work. Don't call my job again." Mr. Brown asked Ms. Otis if she could call him back and she said that she did not know. The conversation ended.

12. The following week, on or about September 8, 2014, Mr. Brown called Ms. Otis at her place of employment again. During this conversation, Ms. Otis said to Mr. Brown, "I told you that you cannot call me at work. I am with a patient and have to go now." Ms. Otis then terminated the phone call.

13. A couple days later and during the week of September 8, 2014, Mr. Brown called Ms. Otis at her place of employment again. The receptionist said to Ms. Otis, "There is an Al Brown on the line for you." The receptionist put Mr. Brown on hold because Ms. Otis was on the other line. When Ms. Otis answered the call, Mr. Brown was not on the line.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Ms. Otis is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(a)(1) forbids a debt collector from communicating with a consumer at any unusual time or place which is known or which should be known to be inconvenient to the consumer. Defendant violated this provision of the FDCPA when it continued to call Ms. Otis at her place of employment after she had informed it that she could not talk while she was at work.

    b. 15 U.S.C. §1692c(a)(3) forbids a debt collector from communicating with a consumer at the consumer's place of employment when the debt collector knew or had reason to know that the consumer's employer prohibits the consumer from receiving such communication;

19. Ms. Otis has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Ms. Otis is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(i) by communicating information relating to a debtor's indebtedness to an employer's agent.

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Ms. Otis has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Ms. Otis is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252 (i) by communicating information relating to a debtor's indebtedness to an employer's agent.

    b. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Ms. Otis has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

October 1, 2014

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com