UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darlana Otis,

    Plaintiff,

v.                                                             Case No. 14-13778

LTD Financial Services,                          Sean F. Cox
                                                               United States District Court Judge
    Defendant.
_____/

## OPINION & ORDER

Plaintiff filed this action against Defendant after its employees contacted her regarding the collection of a debt. Plaintiff's complaint asserts three counts. The matter is currently before the Court on Defendant's Motion to Dismiss. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall: 1) dismiss Count II of Plaintiff's complaint because Plaintiff agrees that one subsection of that count should be dismissed and because Plaintiff has not stated a claim as to the second alleged violation; and 2) dismiss Count III of Plaintiff's Complaint because the parties now both agree that it should be dismissed. That leaves only Count I, wherein Plaintiff asserts a claim under the Fair Debt Collection Practices Act ("FDCPA").

With respect to the FDCPA claim, Defendant contends that because it has made an offer of judgment to Plaintiff that would give her all the relief she could potentially obtain on that claim, the Court should enter a judgment consistent with the offer of judgment and end the case.

1

The Court declines to do so because Defendant has not offered Plaintiff all the relief she could potentially recover in this action.

## BACKGROUND

Plaintiff Darlana Otis ("Plaintiff" or "Otis") filed this action against LTD Financial Services, Limited Partnership ("Defendant" or "LTD") on October 1, 2014. Plaintiff's Complaint asserts the following claims: "Count I – Violation Of The Fair Debt Collection Practices Act"; 2) "Count II – Violation Of The Michigan Occupational Code"; and 3) "Count III – Violation Of The Michigan Collection Practices Act." Plaintiff has demanded a trial by jury and her Complaint seeks the following relief: 1) actual damages; 2) statutory damages; 3) treble damages; and 4) statutory costs and attorney fees. (Compl. at 6).

Plaintiff's house was foreclosed upon around December 2012; the result of the foreclosure was a deficiency balance. (Compl. at ¶ 9). Plaintiff alleges that LTD began their attempts to collect the debt sometime during 2014. (Compl. at ¶ 10). Around September 4, 2014, a representative of LTD ("Brown") called Plaintiff at her place of employment. (Compl. at ¶ 11). Plaintiff informed Brown that she could not talk to him at work and asked that he not call her there again. (Compl. at ¶ 11). The following week, Brown called Plaintiff's work twice, but only spoke to Plaintiff once. (Compl. at ¶¶ 12-3). Around September 8, 2014, Plaintiff again informed Brown that he could not call her at work. (Compl. at ¶ 12). When Brown called the second time that week he was put on hold and Plaintiff alleges that Brown was not on the line when she answered. (Compl. at ¶ 13).

Plaintiff filed the action in federal court based upon federal-question jurisdiction over Count I. She asks the Court to exercise supplemental jurisdiction over her remaining state-law

claims.

On October 30, 2014, Defendant's counsel served Plaintiff with an offer of Judgment pursuant to Fed. R. Civ. P. 68. Rule 68(a) grants a defending party the right to serve on an opposing party an offer to allow judgment against them. The opposing party then has 14 days to respond to the offer.

Defendant's Offer of Judgment would allow Plaintiff to recover $1,151.00 for all damages and reasonable attorney fees agreed upon by the parties, and if no agreement can be made, it should be determined by the Court. Plaintiff did not accept the offer within the allotted time under Rule 68(a).

On March 31, 2015, Defendant filed a "Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) & 12 (b)(6)." (Docket Entry No. 10).

Fed. R. Civ. P. 12(b)(1) allows a party to assert a defense and motion to dismiss the claim for lack of subject-matter jurisdiction.

To survive a motion to dismiss on a 12(b)(6), a complaint must contain sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## ANALYSIS

In its Motion, Defendant seeks relief on several grounds. The Court will address the

issues presented in reverse order as they are presented in the motion, however, because the Court needs to determine which claims are viable before addressing whether the Defendant's Offer of Judgment provides Plaintiff with all the relief she could potentially obtain in this action.

**I.    Should The Court Dismiss Counts II And III For Failure To State A Claim Upon Which Relief May Be Granted?**

In its Motion, Defendant LTD asserts that Plaintiff has failed to state a claim upon which relief can be granted as to Counts II and III of her Complaint.

**A.    Count II, Plaintiff's Claim Under The Michigan Occupational Code**

In Count II, Plaintiff claims that LTD violated the Michigan Occupational Code M.C.L. § 339.901 *et seq.* ("M.O.C."). (Compl. at ¶ 1). Plaintiff alleges that LTD is a collection agency, and Plaintiff is a debtor, as those terms are defined in the statute. (Compl. at ¶¶ 21-22). Plaintiff alleges that LTD violated the following provisions of the Act: (1) M.C.L. § 339.915(i), by communicating information relating to a debtor's indebtedness to an employer's agent; and (2) M.C.L. § 339.915(q), by failing to implement a procedure designed to prevent a violation by an employee. (Compl. at ¶ 23).

Plaintiff abandons her claim under § 339.915(i) but maintains that she has a viable claim under § 339.915(q). (Pl.'s Br. at 9).

A violation of M.C.L. § 339.915(q) occurs when an employer "fail[s] to implement a procedure designed to prevent a violation by an employee." Defendant argues that the language of subsection (q) requires that a violation of another section of the M.O.C. occurred first, for there to be a violation of subsection (q). (Def.'s Reply Br. at 4). Defendant argues that by abandoning her claim under § 339.915(i), Plaintiff has not alleged any violations of a prior subsection of § 339.915, and therefore Plaintiff's claim under §339.915(q) cannot stand. (*Id.*).

4

Plaintiff alleges that Defendant's representative, Mr. Brown, called Plaintiff at her work three times. (Compl. at ¶¶ 11-13). During the first phone call Plaintiff told Mr. Brown not to call her job again. (*Id*. at ¶ 11). Mr. Brown asked Plaintiff if she could call him back, Plaintiff said she did not know. (*Id*.) Mr. Brown called Plaintiff again and received the same response, that he could not call Plaintiff at work. (*Id*. at ¶ 12). The last phone call Mr. Brown made to Plaintiff, he was put on hold by the receptionist, by the time Plaintiff answered the call Mr. Brown had hung up. (*Id*. at ¶ 13).

The Court finds that Plaintiff has failed to state a claim for a violation of § 339.915(q). Plaintiff made only general allegations, none of which relate to a violation of § 339.915(q) by Defendant. Plaintiff has not identified any defect in Defendant's procedures. *Saltzman v. I.C. System, Inc.*, WL 3190359, *10 (E.D.Mich., 2009, J. Edmunds). Plaintiff has not alleged any facts that relate to a defect in Defendant's procedures. *Id.* The plaintiff's complaint in *Saltzman* offered six broad allegations. *Id.* at *9. The allegations included: 1) Defendant had threatened Plaintiff with a lawsuit; 2) Defendant contacted Plaintiff several times a day, everyday; 3) Defendant was rude and abusive; 4) Defendant did not identify itself as a debt collector, and other less serious allegations. *Id.* at *10. The court found that these were only general contentions, and did not identify any specific defect in procedure by the defendant. *Id.* The plaintiff in *Saltzman* alleged much more than Plaintiff in the current case has, yet the court in *Saltzman* held that the plaintiff's allegations were not enough to state a claim under § 339.915(q).

The Court finds that Plaintiff has failed to state a claim for a violation of § 339.915(q).

**B.     Count III, Plaintiff's Claim Under Michigan's Collection Practices Act**

5

Plaintiff agrees to dismiss this Count if Defendant acknowledges that it is a "debt collector" for purposes of the Act. (Pl.'s Br. at bottom of 8). Defendant admits it is a debt collector for purposes of the Act (Def.'s Reply at 1 &3) and, therefore, both parties agree this count should be dismissed.

That only leaves Count I, Plaintiff's claim under the FDCPA, remaining in this action.

## II. Should This Court Enter Judgment In Favor Of Plaintiff And Dismiss This Case Because The Rule 68 Offers Of Judgment Renders This Case Moot?

The Sixth Circuit has held that an unaccepted offer of judgment, such as the offers of judgment here, can moot a case. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). In that case, the Sixth Circuit held that "a Rule 68 Offer can be used to show that the court lacks subject-matter jurisdiction. *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed 'eliminates a legal dispute upon which federal jurisdiction can be based,' because '[y]ou cannot persist in suing after you've won')." *Id.* at 574. The Sixth Circuit explained "[w]e agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien*, 575 F.3d at 574. It "disagree[d], however with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *Id.* at 575. "Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case." *Id.*

Accordingly, under *O'Brien*, where the defendant has offered a Rule 68 offer of judgment that satisfies a plaintiff's entire demand, the district court should enter judgment in favor of the plaintiff in accordance with the Rule 68 offer of judgment and dismiss the case as

moot.

Thus, this Court must consider whether Defendants' Offer of Judgment satisfies Plaintiff's *entire demand* as to her FDCPA claim.

Defendant offered to Plaintiff a judgment that would: 1) award her $1,151.00 for all damages; and 2) provide her with reasonable attorney fees and costs in the action. There is no dispute as to the portion of the Offer of Judgment that pertain to attorney fees or costs. The only point of dispute is whether the monetary damages offered by Defendant are the maximum amount she could recover in this action.

In its motion, Defendant acknowledges that a plaintiff asserting a FDCPA claim may recover: 1) actual damages; 2) "such additional damages as the court may allow, but not exceeding $1,000.00; and 3) costs, including reasonable attorney's fees. (*See* Def.'s Br. at 6; see also 15 U.S.C. § 1692k). But Defendant takes the position that Plaintiff cannot establish any actual damages, including emotional distress damages, in connection with her FDCPA claim.

In support of its position, Defendant first attempts to characterize Plaintiff having signed a retainer agreement as an "admission" that Plaintiff has no actual damages. (Def.'s Br. at 6). That agreement (Ex. 3 of Def.'s Br., last page) does not constitute an admission by Plaintiff that she has incurred no actual damages in this action. In that retainer agreement, Plaintiff's counsel opined that Plaintiff's damages would be limited to $1,000. But in signing the agreement, Plaintiff only agreed to the terms of her representation. Plaintiff did not agree to limit her damages.

Next, although Defendant does not dispute that actual damages can include damages for emotional distress, Defendant asserts that "Plaintiff has no evidence to support a claim for actual

damages" and directs the Court to Plaintiff's discovery responses that relate to emotional distress damages. (Def.'s Br. at 7).

The Court finds this argument unpersuasive. First, this is a Motion to Dismiss brought before the conclusion of discovery, not a motion for summary judgment. Second, the discovery responses from Plaintiff indicate that Plaintiff seeks damages for emotional distress and there is no dispute that such damages may be recovered under the Act. In response to an interrogatory asking her to specify her damages, Plaintiff responded:

> The amount of damages has not been determined at this time and will have to be made by the tri[er] of fact ultimately. Presently, Plaintiff seeks actual damages for emotional suffering, costs and attorneys' fees. Attorneys fees continue to accrue in this case and hence, cannot be reduced to an exact amount.

(Ex. 4 to Def.'s Br. at 7). In response to an interrogatory asking her about her alleged emotional distress damages, Plaintiff responded:

> Defendant's disregard for Plaintiff's consumer rights and subsequent actions has interfered with Plaintiff's ability to do her job and humiliated her before her peers at Plaintiff's place of employment. Plaintiff can attest to the embarrassment and emotional damage Defendant has caused her and will reply on her own testimony. Plaintiff has not sought any treatment to remedy her emotional distress.

(*Id*. at 8).

Thus, Plaintiff may be able to recover emotional distress damages in connection with her FDCPA claim. As a result, Defendant LTD has not offered Plaintiff all the relief that she may potentially recover in this action. This Court therefore declines to enter a judgment in favor of Plaintiff as to Count I and shall allow Plaintiff to proceed with Count I in this action.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that

the Court DISMISSES Counts II and III WITH PREJUDICE. The motion is DENIED in all other respects.

    IT IS SO ORDERED.

                                      S/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated: June 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2015, by electronic and/or ordinary mail.

                                      S/Jennifer McCoy  
                                      Case Manager